CHASAN, LEYNER & LAMPARELLO, PC
300 Harmon Meadow Boulevard
Secaucus, New Jersey 07094
(201) 348-6000
Attorneys for Town of West New York, Town of West New York Construction Code Official Thomas O'Malley, Commissioner Caridad Rodriguez, Public Safety, Town Administrator Carmela Riccie, & Town Chief Financial Officer Margaret Cherone

| | |
|---|---|
| ZEITUNA SUPERMARKET, LLC, ZEITUNA GRILL AND CAFÉ, LLC & MAHMOUD ABBASI,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ANAS BOUKILI, IMAN INSURANCE SERVICES, L.P., LOCKTON RISK SERVICES, INC., & LOCKTON, INC., TOWN OF WEST NEW YORK, TOWN OF WEST NEW YORK CONSTRUCTION CODE OFFICIAL THOMAS O'MALLEY, COMMISSIONER CARIDAD RODRIGUEZ, PUBLIC SAFETY, TOWN ADMINISTRATOR CARMELA RICCIE; TOWN CHIEF FINANCIAL OFFICER MARGARET CHERONE; JOHN DOES 1-10 & ABC CORPS,<br><br>　　　　　Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>Civil Action No.:<br><br>NOTICE OF REMOVAL OF STATE COURT ACTION TO THE UNITED STATES DISTRICT COURT |

TO:　　　　Mr. William T. Walsh
　　　　　　Clerk of the United States District Court
　　　　　　Martin Luther King, Jr. Federal Building and
　　　　　　United States Courthouse
　　　　　　50 Walnut Street
　　　　　　Newark, New Jersey  07101

ON NOTICE TO:　　Russell F. Anderson, Jr., Esq.

267 Summit Ave.
Hackensack, NJ 07601

**PLEASE TAKE NOTICE** in accordance with 28 U.S.C. §§ 1441 and 1446, Defendants, Town of West New York, Town of West new York Construction Code Official Thomas O'Malley, Commissioner Caridad Rodriguez, Public Safety, Town Administrator Carmela Riccie, Town Chief Financial Officer Margaret Cherone (collectively, "Defendants"), by their attorneys, Chasan Leyner & Lamparello, PC, hereby remove the above-entitled case from the Superior Court of New Jersey, Hudson County, to the United States District Court for the District of New Jersey, Vicinage of Newark.  In support of this notice, Defendants state the following:

1. The within matter was commenced by plaintiffs, Zeituna Supermarket, LLC, Zeituna Grill and Café, LLC & Mahmoud Abbasi (collectively, "Plaintiffs"), in the Superior Court of New Jersey, Hudson County, Docket No. L-6093-11.  Defendants were served with a copy of the Summons and Complaint on May 7, 2013.

2. The United States District Court has original jurisdiction of the above-captioned civil action pursuant to 28 U.S.C. § 1331 because the cause of action brought by Plaintiffs involves federal questions.

3. True copies of the Summons and Complaint, which comprise all pleadings and orders served upon Defendants in this action, are attached hereto as **Exhibit A**.

4. This removal is timely under 28 U.S.C. § 1446(b) in that it was filed within thirty (30) days of these Defendants being served with the Complaint.

5. Defendants seek removal of the within matter pursuant to 28 U.S.C. § 1441 because the Complaint alleges causes of action arising under federal law and/or

the United States Constitution.  (See **Exhibit A** at Counts 5 & 6)  Specifically, these counts allege violations of §1983.

6. No previous petition or notice has been made for the relief sought herein.

7. According to Local Civil Rule 40.1, this matter should be allocated to the Newark Vicinage.

8. A Notice of Filing the Notice of Removal to the United States District Court for the District of New Jersey, along with a copy of the within Notice, will be filed with the Clerk of the Superior Court of New Jersey in Trenton and the Clerk of the Superior Court of New Jersey in Hudson County.  (See copy of Notice of Filing of Petition to the United States District Court for the District of New Jersey for Removal (28 U.S.C. § 1446(d)) Additionally, a copy of both Notices will be served upon Plaintiff.

**WHEREFORE**, Defendants respectfully give notice that the above-entitled matter is removed to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Hudson County.

> **CHASAN LEYNER & LAMPARELLO, PC**
> **Attorneys for Defendants**
>
> By: */s/ Joseph A. Garcia*
> JOSEPH A. GARCIA

Dated:  May 28, 2013

# Exhibit A

## SUMMONS

Attorney(s) Russell F. Anderson, Jr.
Office Address 267 Summit Avenue
Town, State, Zip Code Hackensack, New Jersey 07601

Telephone Number (201) 880-4888
Attorney(s) for Plaintiff Zeituna Supermarket, LLC; Zeituna Grill & Cafe, LLC; and Mahmoud Abbasi

Plaintiff(s)

Vs.

Anas Boukili, et al.

Defendant(s)

**Superior Court of New Jersey**

HUDSON COUNTY
Law DIVISION
Docket No: HUD-L-6093-11

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ _Clerk of the Superior Court_

DATED: 05/06/2013
Name of Defendant to Be Served: Margaret Cherone
Address of Defendant to Be Served: Town of West New York, 428-60th Street, West New York, NJ 07093

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) Russell F. Anderson, Jr.
Office Address 267 Summit Avenue
Town, State, Zip Code Hackensack, New Jersey 07601

Telephone Number (201) 880-4888
Attorney(s) for Plaintiff Zeituna Supermarket, LLC; Zeituna Grill & Cafe, LLC; and Mahmoud Abbasi

Plaintiff(s)

Vs.

Anas Boukili, et al.

Defendant(s)

**Superior Court of New Jersey**

HUDSON _____ COUNTY
Law _____ DIVISION
Docket No: HUD-L-6093-11

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ _Jennifer Perez_
Clerk of the Superior Court

DATED: 05/06/2013
Name of Defendant to Be Served: Carmela Riccie
Address of Defendant to Be Served: Town of West New York, 428-60th Street, West New York, NJ 07093

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

May 06 2013 1:59PM    HP LASERJET FAX                12018804887                    p.7

## SUMMONS

Attorney(s) Russell F. Anderson, Jr.
Office Address 267 Summit Avenue
Town, State, Zip Code Hackensack, New Jersey 07601

Telephone Number (201) 880-4888
Attorney(s) for Plaintiff Zeituna Supermarket, LLC; Zeituna Grill & Cafe, LLC; and Mahmoud Abbasi

**Superior Court of New Jersey**

HUDSON COUNTY
Law DIVISION
Docket No: HUD-L-6093-11

**CIVIL ACTION SUMMONS**

Plaintiff(s)

Vs.

Anas Boukili, et al.

Defendant(s)

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Jennifer Perez
Clerk of the Superior Court

DATED: 05/06/2013
Name of Defendant to Be Served: Caridad Rodriguez
Address of Defendant to Be Served: Town of West New York, 428-60th Street, West New York, NJ 07093

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

## SUMMONS

Attorney(s) Russell F. Anderson, Jr.
Office Address 267 Summit Avenue
Town, State, Zip Code Hackensack, New Jersey 07601

Telephone Number (201) 880-4888
Attorney(s) for Plaintiff Zeituna Supermarket, LLC; Zeituna
Grill & Cafe, LLC; and Mahmoud Abbasi

Plaintiff(s)

Vs.

Anas Boukili, et al.

Defendant(s)

**Superior Court of New Jersey**

HUDSON COUNTY
LAW DIVISION
Docket No: HUD-L-6093-11

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ *[signature]*
Clerk of the Superior Court

DATED: 05/06/2013

Name of Defendant to Be Served: Town of West New York

Address of Defendant to Be Served: 428-60th Street, West New York, NJ 07093

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

LAW OFFICES OF RUSSELL F. ANDERSON, JR.
Office: 267 Summit Avenue
       Hackensack, New Jersey 07601
Mailing: P.O. Box 36
       Ho-Ho-Kus, New Jersey 07423
Attorneys for Mahmoud Abbasi, Zeituna Supermarket, LLC and Zeituna Grill And Café, LLC

**FILED**
**TEAM #2**

APR 29 2013

SUPERIOR COURT OF NEW JERSEY
COUNTY OF HUDSON
CIVIL DIVISION #1

---

ZEITUNA SUPERMARKET, LLC, ZEITUNA GRILL AND CAFÉ, LLC and MAHMOUD ABBASI

    Plaintiffs

vs.

ANAS BOUKILI, IMAN INSURANCE SERVICES, L.P., LOCKTON RISK SERVICES, INC., AND LOCKTON, INC., TOWN OF WEST NEW YORK, TOWN OF WEST NEW YORK CONSTRUCTION CODE OFFICIAL THOMAS O'MALLEY, COMMISSIONER CARIDAD RODRIGUEZ, PUBLIC SAFETY, TOWN ADMINISTRATOR CARMELA RICCIE; TOWN CHIEF FINANCIAL OFFICER MARGARET CHERONE; JOHN DOES 1-10 AND ABC CORPS 1-10

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: HUDSON COUNTY
DOCKET NO.: L -6093-11

Civil Action

**SECOND AMENDED
VERIFIED COMPLAINT**

---

    Plaintiffs, Zeituna Supermarket, LLC and Zeituna Café and Grill, LLC, with offices at 1600 North 72nd Street, North Bergen, New Jersey, and Mahmoud Abbasi by and through their counsel, Law Offices of Russell F. Anderson, Jr., LLC (Russell F. Anderson, Jr., Esq., appearing) by way of Verified Complaint against Defendants Anas Boukili, Iman Insurance Services, L.P., Lockton Risk Services, Inc., and Lockton, Inc., Town of West New York, Town of West New York Construction Code Official Thomas O'Malley, Commissioner Caridad Rodriguez, Public Safety, Town Administrator Carmela Riccie; Town Chief Financial Officer Margaret Cherone, John Does 1-10 and ABC Corps 1-10, does hereby state:

1

## PARTIES

1.  At all times relevant to the instant action, Plaintiffs, Zeituna Supermarket, LLC and Zeituna Café and Grill, LLC (the "Zeituna Companies") are limited liability companies formed under the laws of the State of New Jersey.

2.  At all times relevant to the instant action, Zeituna Grill & Café, LLC was the owner and operator of a restaurant named Zeituna ("Restaurant"), which was located at 5122 Kennedy Boulevard, West New York, New Jersey.

3.  At all times relevant to the instant action, Zeituna Supermarket, LLC was the owner and operator of a food and sundries market named Zeituna ("Supermarket"), which was also located at 5122 Kennedy Boulevard, West New York, New Jersey.

4.  At all times relevant to the instant action, plaintiff, Mahmoud Abbasi ("Abbasi") was President/Managing Member and sole shareholder of the Zeituna Companies.

5.  At all times relevant to the instant action, defendant Anas Boukili ("Boukili") was an insurance broker licensed to procure various types of insurance products for clients in the State of New Jersey. Upon information and belief, Boukili employed insurance agents to procure insurance for clients in New Jersey.

6.  At all times relevant to the instant action, defendant Town of West New York was a municipal corporation organized under the laws of the State of New Jersey.

7.  At all times relevant to the instant action, defendant Thomas O'Malley was employed as the Construction Code Official for the Town of West New York. Mr. O'Malley's responsibilities

8.  Upon information and belief, at all times relevant to the instant action, Commissioner Caridad Rodriguez, Town Administrator Carmela Riccie and Town Chief Financial

2

Officer Margaret Cherone were direct or indirect supervisors of Thomas O'Malley in his role as a Construction Code Official.

9. John Does 1-10 and ABC Corps 1-10 are parties that furthered or participated in contributing to the damages suffered by plaintiffs, individually or collectively.

## FIRST COUNT

10. Petitioner repeats and reiterates each and every fact and allegation contained above as if set forth at length herein.

11. In or about August 2010, the plaintiffs, individually or collectively, engaged Boukili to obtain business owners' insurance for the Restaurant and the Supermarket.

12. Thereafter, plaintiffs relied on him to act in their best interests and in conformance with the accepted standards of care for insurance brokers and/or agents in the State of New Jersey.

13. Boukili caused business owners' insurance to be issued to the plaintiff by Nova Casualty Company ("Nova").

14. Boukili assured plaintiffs, individually or collectively, that both businesses would be covered, that Nova policies would provide coverage that was better than the plaintiffs' prior coverage and that plaintiffs would be enrolled in an automatic debit program for the payment of their premiums.

15. As a result of Boukili's negligence and deviation from the accepted standards of care for insurance brokers in New Jersey, the Nova policies underinsured the plaintiffs compared to their prior coverage, left them without coverage for a period of time, did not cover both business and were no enrolled in an automatic debit plan for the payment of premiums.

3

16. On or about June 14, 2011, the Restaurant and Supermarket sustained property damage and losses as a result of a fire.

17. The plaintiffs, through Abbasi, immediately notified Boukili of the fire and all the losses incurred therein.

18. Boukili advised Abbasi that the Nova policies had been cancelled, and that he, Boukili, was a fault for said cancellations.

19. As a result of the aforesaid negligence and deviation from accepted standards of care by Boukili, the plaintiffs did not have coverage for the aforesaid losses.

20. Plaintiffs have incurred economic, consequential, expectation, discretionary and general damages stemming from the negligence and deviation from the standards of care by Boukili.

WHEREFORE, plaintiffs demand judgment against the defendant, Anas Boukili for damages, together with interest, attorney's fees and costs of suit.

## SECOND COUNT

21. Petitioner repeats and reiterates each and every fact and allegation contained above as if set forth at length herein.

22. The plaintiffs' consent to Boukili providing them with business owners' insurance for the Restaurant and the Supermarket to replace the coverage plaintiffs already had in place was given in reliance on Boukili's express representation that the coverage Boukili would be providing plaintiffs was less expensive and offer better coverage than the prior coverage.

23. Plaintiffs also consented to replacing the prior coverage in reliance on Boukili's express representation that he would enroll them in an automatic debit program for payment of premiums.

4

24. The aforesaid representations were made under such circumstances that a reasonable person would suppose that they were intended to be acted upon as true.

25. Plaintiffs relied in good faith upon the representations made by Boukili.

26. Boukili's representations were, in fact, not true.

27. Plaintiffs have incurred economic, consequential, expectation, discretionary and general damages as a result of the misrepresentations made by Boukili.

**WHEREFORE**, plaintiffs demand judgment against the defendant, Anas Boukili, for damages together with interest, attorney's fees and costs of suit.

### THIRD COUNT

28. Petitioner repeats and reiterates each and every fact and allegation contained above as if set forth at length herein.

29. Boukili was acting within the scope of his authority as an agent, servant or employee of the defendants Iman Insurance Services, LP; Lockton Risk Services, Inc.; and Lockton, Inc., when he made the misrepresentations to plaintiffs regarding insurance coverage and premium payment.

30. Therefore, defendants Iman Insurance Services, LP; Lockton Risk Services, Inc.; and Lockton, Inc., are responsible for the consequences of Boukili's misrepresentations, negligence and deviations from the acceptable standards of care for an agent and/or broker in the State of New Jersey.

**WHEREFORE**, plaintiffs demand judgment against the defendants, Iman Insurance Services, LP; Lockton Risk Services, Inc.; and Lockton, Inc., for damages together with interest, attorney's fees and costs of suit.

## FOURTH COUNT

31. Petitioner repeats and reiterates each and every fact and allegation contained above as if set forth at length herein.

32. In preparing for the Restaurant opening, Abbasi, on behalf of the plaintiffs, performed renovations in the Restaurant.

33. The Supermarket had a Certificate of Occupancy ("C of O") and was open and operating during the Restaurant renovations.

34. At no time during the Restaurant renovations was the C of O for the Supermarket revoked.

35. All of the renovation work in the Restaurant was performed after receiving all of the appropriate permits and approvals.

36. In or about September 2010, when the renovation work in the Restaurant was complete, all of the appropriate and necessary sub-approvals were received for the fire code official, plumbing code official and other related officials.

37. Soon thereafter, when it was ready for final inspection, Abbasi, on behalf of plaintiffs, arranged an appointment with defendant Thomas O'Malley ("O'Malley"), Construction Code Official for the Town of West New York.

38. The purpose of the final inspection was to receive a C of O for the Restaurant so that it could open for business.

39. During the inspection, O'Malley stated that he would not give the authorization for the C of O because he did not want any more "camel jockeys" in his town.

40. Abbasi, a long-standing member of the Hudson County community and local small business owner, is of Middle Eastern descent.

6

41. Plaintiffs performed all of the renovations in compliance with the Building Code and subject to the permits and approvals previously received.

42. Upon information and belief, the Restaurant would have received the C of O but for the actions of the Town of West New York's employee, Thomas O'Malley.

43. Between September 2010 and June 2011, Abbasi, on behalf of plaintiffs, applied multiple times for the C of O, in spite of O'Malley's discrimination.

44. Abbasi was constantly and consistently told by O'Malley that there were problems with his C of O application and more information was needed, furthering the discrimination against Plaintiffs.

45. O'Malley, using his authority under color of law, intentionally caused the C of O to never be issued even though the appropriate approvals had been received.

46. In or about June 2011, the Restaurant suffered a fire that damaged the interior of the Restaurant.

47. The Supermarket was not damaged by the fire.

48. O'Malley would not allow the electricity to be turned on to either the Restaurant or the Supermarket for days after the fire under a claim that neither the Restaurant nor the Supermarket had a C of O.

49. All the food and other perishables in the Restaurant and the Supermarket were spoiled without refrigeration.

50. O'Malley was the individual who refused to issue the C of O.

51. O'Malley actions were ratified by defendants Town of West New York, Commissioner Caridad Rodriguez, Public Safety, John Does 1-10 and ABC Corps 1-10, who were under a duty and a responsibility to monitor the actions of O'Malley.

7

52. O'Malley's discriminatory actions in precluding the issuance of a C of O and refusing to turn on the electricity caused the Supermarket and Restaurant to suffer damages to the point where neither could reopen.

53. O'Malley's denial of the C of O and refusing to allow Abbasi to enter and salvage plaintiffs' inventory was strictly related to a discriminatory intent.

54. Plaintiffs were subjected to differential treatment based on Abbasi's national origin, in clear violation of the NJLAD.

55. Plaintiffs have suffered economic, consequential, expectation, discretionary and general damages as a result of the discrimination inflicted by O'Malley.

WHEREFORE, plaintiffs demand judgment against the defendant, Thomas O'Malley, for damages together with interest, attorney's fees and costs of suit.

## FIFTH COUNT

56. Petitioner repeats and reiterates each and every fact and allegation contained above as if set forth at length herein.

57. O'Malley was an employee of the Town of West New York at the time said discriminatory statements and actions were made.

58. O'Malley had the color of state authority at the time of said discriminatory statements and actions were made.

59. O'Malley subjected the Plaintiffs to discriminatory action as noted in Count Four while serving as an employee of the Town of West New York.

60. Plaintiffs were deprived of participating in interstate commerce without suffering discrimination as a result of the statements and actions made by O'Malley.

8

61. Through their actions, Defendants O'Malley and the Town of West New York have violated 28 USC §1983.

62. Plaintiffs have suffered damages as a result of said discrimination.

**WHEREFORE**, plaintiffs demand judgment against the defendants, Thomas O'Malley and the Town of West New York, for damages together with interest, attorney's fees and costs of suit.

## SIXTH COUNT

63. Petitioner repeats and reiterates each and every fact and allegation contained above as if set forth at length herein.

64. Upon information and belief, O'Malley was supervised by and/or reported to various officials within the administration of the Town of West New York, including but not limited to Commissioner Caridad Rodriguez, Town Administrator Carmela Riccie and Town Chief Financial Officer Margaret Cherone and potential others (collectively "Town Defendants").

65. The Town Defendants furthered the discrimination against Plaintiffs by failing to properly supervise, train, educate and/or monitor the actions of O'Malley while performing the duties of his position.

66. O'Malley was an employee of the Town of West New York at the time of said discrimination.

67. O'Malley was in the process of performing tasks related to his position with the Town of West New York when the discrimination occurred.

68. As such, the Town of West New York and the Town Defendants are liable for the damages suffered by plaintiffs, individually or collectively.

9

WHEREFORE, plaintiffs demand judgment against the defendants, Town of West New York, Commissioner Caridad Rodriguez, Town Administrator Carmela Riccie and Town Chief Financial Officer Margaret Cherone, for damages together with interest, attorney's fees and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Plaintiffs designate Russell F. Anderson, Jr., Esq., as trial counsel in this action.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues.

### CERTIFICATION PURSUANT TO R. 4:51

The undersigned hereby certifies that the matter in controversy herein is not the subject of any other action pending in any other court, nor of any arbitration proceeding, and further certifies that no such other action or arbitration proceeding is contemplated. Furthermore, there are no other parties which need be joined.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES OF RUSSELL F. ANDERSON, JR.
Attorneys for Mahmoud Abbasi, Zeituna Supermarket, LLC and Zeituna Grill And Café, LLC

By: _____
RUSSELL F. ANDERSON, JR.

Dated:      April 15, 2013

## VERIFICATION

I, Mahmoud Abbasi, of full age, state:

1. I was President/Managing Member and sole shareholder of the Zeituna Companies.

2. I am one of the plaintiffs in connection with the matter set forth in the foregoing Verified Complaint. I have the authority to act on behalf of Zeituna Supermarket, LLC and Zeituna Grill And Café, LLC

3. I have read the foregoing Verified Complaint. I am familiar with the facts set forth therein, and I know them to be true of my own personal knowledge.

4. I certify pursuant to R. 1:4-4 that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Mahmoud Abbasi

Dated: November 9, 2012

8